### THOMAS RUSSELL *v.* GIDEON MARR, ET AL.

**Exemption Against Execution.**

> If an execution debtor has not a sufficiency of provision to sustain his family one year, the officer collecting the execution must make up the deficiency of exempted property by setting apart to the debtor "so much of the live stock suitable for the purpose, and of the growing crop, if any, as may be necessary to supply it." Held, that mules, horses, etc., cannot be taken out because unsuitable for food, and for the same reason tobacco, cotton and crops of that character cannot be claimed by the debtor.

#### APPEAL FROM TAYLOR CIRCUIT COURT.

October 9, 1877.

OPINION BY JUDGE LINDSAY:

If the execution debtor has not a sufficiency of provision to sustain his family one year, the officer enforcing the collection of the execution must make up the deficiency of exempted property by setting apart to the debtor "so much of the live stock, suitable for the purpose, and of the growing crop, if any, as may be necessary to supply it."

The descriptive words "suitable for the purpose" apply as well to the growing crops as to the live stock. Mules, horses, etc., cannot be taken out of the live stock, because they are unsuitable for food, and for the same reason tobacco, cotton and crops of that character cannot be claimed by the debtor, under this provision of the statute.

This court has heretofore so construed the statute in a manuscript opinion delivered by Judge Pryor in a case that came up from the Grant Circuit Court.

The rulings of the circuit court are conformable to this view of the law, and its judgment must be *affirmed.*

*R. E. Puryear, for appellant.    D. G. Mitchell, for appellees.*